Haggard *vs.* Hay's admr.

DEBT.

Case 8.

June 15.

ERROR TO CLARKE CIRCUIT.

Chief Justice SIMPSON delivered the opinion of the court.

1. An answer to an action on a note, by ordinary petition, to the effect that defendant did not owe the debt, held to be bad on demurrer.

2. An answer alleging that plaintiff's intestate intended the money specified in the note not to be paid, but to be charged as an advancement, and so accounted for—held to be bad, and no defense to the action, without an averment that estate sufficient had come to the hands of the administrator to pay each distributee a like sum.

This is an action brought by Hay's administrator, by petition, for a debt of seventy dollars, due by note.

The defendant filed an answer to the petition, in which he admitted the execution of the note sued on, but denied that he owed the debt, or any part of it, to the plaintiff.

A demurrer to this answer was filed by the plaintiff, and sustained by the court, and the first question to be decided is as to the sufficiency of the answer.

The answer under the former mode of pleading would have amounted to a plea of *nil debit*, and would not have been good, as the suit was brought upon a note in writing, having the dignity of a speciality; and we are of opinion that the answer was insufficient under the present practice.

As the answer admitted the execution of the note, it was not sufficient for it to state that the defendant did not owe it, but it should have stated the facts relied upon by him, as having the effect to discharge him from all liability for the amount, so that the court could determine whether this was their legal effect, and the plaintiff might be apprized of the actual defense relied upon in the answer. The answer was therefore defective, and the demurrer to it was properly sustained.

2. An answer alleging that plaintiff's intestate intended the money specified in the note not to be paid, but to be charged as an advancement, and so accounted for—held to be bad, and no defense to the action, without an averment that estate sufficient had come to the hands of the administrator to pay each distributee a like sum.

After the court had sustained the demurrer, the defendant filed an additional answer, in which he stated that the note sued on was executed by him "for so much money advanced to him and his wife, who was a daughter of the said plaintiff's intestate, more than twenty years next before the institution of this action, and ever since the execution of said note, the said plaintiff's intestate up to the time of her death so considered it ; and that no distribution of said intestate's estate has been made by said plaintiff, and he relies upon time, and his right to retain the amount of said note in his hands, by way of advancement as aforesaid, as a bar to any recovery against him in this action."

To this additional answer a demurrer was sustained by the court, and the defendant having made no further answer, a judgment was rendered against him for the debt.

The last answer filed did not present an equitable defense to the action, because it did not contain a statement, that the administrator had in his hands, for distribution, estate of his intestate, of an amount sufficient to entitle each one of the distributees to a sum equal to that due by the defendant on the note in suit. Nor did it present a valid legal defense to the action, because the matter relied upon—to-wit: that the consideration of the note was for money advanced, and not loaned—is inconsistent with and contradicts the writing sued upon, both in its import and its legal effect. Unless fraud or mistake in the execution of the note had been alleged, this matter did not constitute an available defense. And as time only created a presumption of payment, and did not amount to a bar in this case, but could alone have been relied upon as evidence of payment, under an answer presenting that defense, the answer did not set forth any matter which amounted to a good defense to the action. Wherefore, the judgment is affirmed.

*Smith,* for complainant ; *Hanson,* for defendant.